(Docket Entry Nos. 12, 18, & 20)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

HECTOR L. HUERTAS,

      Plaintiff,

    v.                  Civil No. 04-3361 (RBK)

THE UNITED STATES OF AMERICA, et al.,

      Defendants.

## O P I N I O N

**KUGLER**, United States District Judge:

Currently before the Court in this action against the United States and two of its employees are a motion for summary judgment by Defendants and motions for default judgment and partial judgment on the pleadings by Plaintiff. For the reasons that follow, the Court will grant Defendants' motion and deny Plaintiff's motions.

## I. INTRODUCTION

Plaintiff, Hector L. Huertas, commenced this action on July 15, 2004. He is suing Linda M. Troup and Albert N. Moskowitz in their personal and official capacities as employees of the United States Department of Justice Civil Rights Division ("CRD") and the United States of America. Huertas alleges that the federal defendants violated his

civil and constitutional rights when Troup and Moskowitz declined to go forward with a federal criminal prosecution of Philadelphia Police Officer Charles Myers.  He also claims that his Freedom of Information Act ("FOIA") request for information was improperly denied.  Huertas is asking for $150,000.00 in damages from the United States and $135,000.00 in compensatory and punitive damages from Troup and Moskowitz, as well as attorneys fees and an injunctive order to compel the release of the information he has requested.

Huertas has filed a motion for default judgment against the United States and Moskowitz and a motion for partial judgment on the pleadings against all Defendants. In addition to opposing these motions, Defendants have moved for summary judgment on all claims asserted in Huertas's Amended Complaint.

Huertas alleges that on October 26, 2000, he was physically beaten by Police Officer Charles Myers.  (Amended Complaint, ¶¶ 7, 23-28, and Exhibit B).  His current claims are related to that alleged beating in that he is now complaining that he was not provided with information concerning a supposedly related beating despite his request and that the United States and its employees did not investigate the matter appropriately in response to his request.  Because the facts regarding Huertas's FOIA request and his claims centered on the federal defendants' investigation of his claim are not logically related, the Court will divide its discussion of the facts related to those two categories of Huertas's claims.

2

A.  <u>FOIA Request</u>

On March 10, 2003, Huertas submitted an FOIA request to the United States Attorney's Office in Philadelphia for records "regarding the THOMAS JONES - FED INVESTIGATION OF POLICE BEATING/PAE."  (Am. Compl. ¶ 4).  Huertas believes that some of the officers involved in the Thomas Jones incident may have also been involved in his alleged beating.  (Am. Compl. ¶ 9 and Exhibit B).

The Executive Office for United States Attorneys ("EOUSA") responded to Huertas's request in a letter that he received on March 23, 2003, informing him that his request had been received and was being processed.  (Am. Compl., ¶ 5 and Exhibit A).  In a letter dated May 19, 2003, EOUSA informed Huertas that his request was denied due to various FOIA exemptions, including 5 U.S.C. § 552 (b)(7)(A) (information that pertains to an ongoing law enforcement investigation).  (Am. Compl., Exhibit A; John W. Kornmeier Declaration, ¶ 5).  Huertas administratively appealed the denial and EOUSA's action was affirmed by the Department of Justice Office of Information and Policy. (Kornmeier Decl., ¶¶ 6, 8).  In response, Huertas modified his request, asking only for information about factual findings that would be relevant to his case.  (Kornmeier Decl., ¶ 7).  Because the Thomas Jones investigation ended and Huertas narrowed his request, EOUSA made a full release of information per Huertas's request on March 18, 2005. (Kornmeier Decl., ¶¶ 8-11).

3

B.  Civil Rights Complaint

In a letter dated June 5, 2003, Huertas submitted a formal complaint to CRD regarding his alleged beating at the hands of Officer Myers on October 26, 2000. (Am. Compl., ¶ 14 and Exhibit B).  CRD is primarily responsible for the enforcement of federal criminal laws affecting civil rights.  See 28 C.F.R. § 0.50(a).  Troup is a Supervisory Program Analyst/Paralegal Specialist, and as such, she is responsible for supervising approximately eleven paralegal specialists.  These specialists are responsible for reviewing citizen complaints to determine whether those complaints involve any prosecutable violations of federal criminal civil rights statutes, and for answering the complaints with an appropriate response.  (Linda M. Troup Declaration, ¶¶ 1, 2, Program Analyst Position Description).  If the CRD, after a preliminary review of a citizen's complaint, deems the complaint meritorious, it refers the complaint to a law enforcement agency, such as the Federal Bureau of Investigation, for further investigation.  (Troup Decl., ¶ 7).  Troup states in her Declaration that decisions made in the handling of citizens' complaints are not made on the basis of the race, ethnicity, or national origin of the complainants.  (Troup Decl., ¶ 6).

Troup reviewed Huertas's complaint and found that there was no prosecutable violation of federal criminal civil rights statutes.  (Troup Decl., ¶¶ 3, 4). According to Troup, this determination was made without regard to Huertas's ethnicity. (Troup Decl., ¶6).  Moskowitz was not actually involved in any way with Troup's review

4

or final determination.  (Troup Decl., ¶ 5).  In a letter dated June 24, 2003, Troup

informed Huertas that his complaint had been reviewed and that there were no federally

prosecutable criminal civil rights violations.  (Am. Compl., ¶ 20).  The letter was signed

by Troup, with Moskowitz's name typed above her signature.  (Am. Compl., Exhibit A).

Huertas called the Department of Justice and spoke with Troup concerning

his complaint.  Troup again informed Huertas that there would be no federal criminal

prosecution of Officer Myers, that there is no appeal available to her decision, and that he

has the ability to initiate a civil lawsuit against Myers.  Huertas responded by saying, "I

can sue you for the same reasons I am suing the police."  (Am Compl., ¶¶ 22-32).

In his Amended Complaint, Huertas puts forth seven counts of civil rights

and constitutional violations.  In Count I, Huertas is suing Troup and Moskowitz under 28

U.S.C. § 1983 for allegedly violating his civil rights.  (Am. Compl., ¶ 41.)  In Count II, he

asserts a claim against the United States under the Federal Tort Claims Act ("FTCA") for

alleged violations of Huertas's civil rights by Troup and Moskowitz, committed within

the scope of their employment.  (Am. Compl., ¶ 42).  In Count III, Huertas alleges Troup

and Moskowitz violated his right to be free from racial discrimination.  (Am. Compl., ¶

43).  In Count IV, Huertas claims that Troup and Moskowitz interfered with his right to

access federal criminal court and the federal justice system.  (Am. Compl., ¶ 44).  In

Count V, Huertas alleges that Troup and Moskowitz violated various provisions of the

District of Columbia Code and the New Jersey Constitution.  (Am. Compl., ¶ 45).  In

Count VI, Huertas alleges that CRD has a discriminatory policy of not investigating

complaints submitted by Hispanics.  (Am. Compl., ¶ 46).  Finally, in Count VII, Huertas

claims that Defendants failed to provide him with information he requested under FOIA.

(Am. Compl., ¶ 50).


## III. DISCUSSION

_____The Court will enter summary judgment in Defendants' favor and will deny

Huertas's motions for default judgment and partial judgment on the pleadings.  As,

preview, the Court reaches the following conclusions regarding Huertas's Amended

Complaint: (1) Troup and Moskowitz are entitled to summary judgment on Count I

because there is no evidence they were acting under color of state law; (2) the Court lacks

jurisdiction over Count II; (3) summary judgment is appropriate on Counts III and IV

because Huertas does not have a legally cognizable interest in the criminal prosecution of

Officer Myers and his right to access the courts has not been injured by the decision not to

prosecute Officer Myers; (4) Huertas's claims against Troup and Moskowitz based on

New Jersey law and the D.C. Code are barred by the FTCA; (5) there is no evidence to

support Huertas's allegations in Count VI that Troup and Moskowitz proceeded under a

racially discriminatory policy in reviewing citizens' complaints; and (6) Huertas's claim

under the FOIA, in Count VII, is not directed at an appropriate Defendant.  Finally,

regarding Huertas's motions, he has not demonstrated his right to judgment on the

pleadings or his right to a default judgment.

A.  Count I--Claim for Damages Under 42 U.S.C. § 1983

Huertas is suing Troup and Moskowitz, in their personal capacities under 42 U.S.C. § 1983, for allegedly violating his civil rights under color of law.  Troup and Moskowitz contend they are entitled to summary judgment because section 1983 applies only to officials who are acting under color of state law.  They argue that section 1983 is inapplicable to federal employees functioning within the normal course of their duties in accordance with federal law.  The Court agrees and will grant their motion for summary judgment on Count I.

Citizens who believe that they have been deprived of a federally protected right by an official acting under color of state law are given a cause of action under 42 U.S.C. § 1983.  But section 1983 does not extend to federal officials acting under federal law.  See Bethea v. Reid, 445 F.2d 1163, 1164 (3d Cir. 1971); Hindes v. F.D.I.C., 137 F.3d 148, 158 (3d Cir. 1998).  Thus, federal employees are exempt from section 1983 claims, unless it can be shown that the violations occurred while they were acting under state law.  Hindes, 137 F.3d, at 158.

Here, as Defendants point out, there is no evidence that either Troup or Moskowitz was acting under color of state law.  To the contrary, the evidence is undisputed that, to the extent that they acted at all, Troup and Moskowitz acted within the scope of their positions as federal employees, with no connection to any State authority.

7

Therefore, the Court will grant Defendants' motion for summary judgment on Huertas's claim under section 1983.

     B.  Count II--Claim Against the United States under the FTCA

In Count II of his Amended Complaint, Huertas asserts a claim against the United States under the FTCA for the actions of Troup and Moskowitz, taken within the scope of their employment, which actions allegedly violated his civil rights.  Defendants present two basic arguments in support of their motion for summary judgment on this Count.  First, they argue that the United States enjoys sovereign immunity for claims alleging  violations of the United States Constitution and all other federal law.  Second, Defendants point out that Huertas did not follow the mandatory procedures for filing a claim against the United States under the FTCA, including the requirement that the appropriate agency of the United States receive a notice of claim with a specific demand before a Plaintiff can file suit.  The Defendants are correct in both of their arguments and are entitled to dismissal of Count II of Huertas's complaint for lack of jurisdiction.  The Court will address the exhaustion issue before discussing the issue of sovereign immunity.

     1.  *Exhaustion of Claim with Appropriate Agency*

The FTCA requires plaintiffs to present their claims to the appropriate

federal agency before filing suit.  More specifically, 28 U.S.C. § 2675(a) provides, in part,

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . .

28 U.S.C. § 2675.  Federal courts lack jurisdiction to hear cases in which the plaintiff has not acted in accordance with section 2675–that is, where the plaintiff has not presented the appropriate agency with his claim and waited for a denial of the claim by the agency. Deutsch v. U.S., 67 F.3d 1080, 1091 (3d Cir. 1995) (citing Corte-Real v. United States, 949 F.2d 484, 485-86 (1st Cir.1991)).  The notice of claim does not need to be elaborate; rather, a claim is sufficient if the claimant "'(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim.'"  Roma v. U.S.  344 F.3d 352, 362-63 (3d Cir. 2003) (quoting Tucker v. United States Postal Serv., 676 F.2d 954, 959 (3d Cir.1982)).

In the present case, Defendants correctly point out that Huertas has not filed a claim with any agency of the United States.  Huertas has not responded to Defendants' motion and thus has not shown that he did in fact file an appropriate claim.  Therefore, the Court lacks jurisdiction over Huertas's FTCA claim against the United States for the alleged actions of Troup and Moskowitz.

2. *Sovereign Immunity*

Another jurisdictional requirement for a claim against the United States under the FTCA is that the claim fall within the class of claims to which the United States has waived its sovereign immunity. If the claim is of the type to which the United States has not consented to suit, then federal courts lack jurisdiction to hear the claim. Dolan v. United States Postal Service, 377 F.3d 285, 287 (3d Cir. 2004). Jurisdiction in the federal courts over claims against the United States for the torts of its employees is created by, and thus restricted to, the terms of 28 U.S.C. § 1346(b). Dolan, 377 F.3d at 287. In particular, the claim must be one that is

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, . . . [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Deutsch v. U.S. 67 F.3d 1080, 1091 (3d Cir. 1995). The Supreme Court has interpreted the sixth requirement listed above to mean that the cause of action must arise under state, not federal, law. See F.D.I.C. v. Meyer, 510 U.S. 471, 478, 485-86 (1994). Because the amenability of the United States to suits for money damages is limited to those instances in which it has expressly consented to being sued, the United States is not amenable to, and therefore this Court has no jurisdiction to hear, suits for violations of the United States Constitution. See id.

Huertas's claims are based on the United States Constitution and are thus

10

insufficient to empower this Court to hear them.[1]  In specific, Huertas alleges that Troup and Moskowitz violated his constitutional rights under the First and Fourteenth Amendments by infringing his right to access the courts and his right to equal protection of the laws.

Because the United States has not waived sovereign immunity for constitutional torts such as those alleged by Huertas, and because Huertas did not file a claim with an appropriate Governmental agency before filing the present complaint, the Court will grant summary judgment on Count II.

C.  Counts III and IV–Right to Access Courts and Racial Discrimination

Defendants are also entitled to summary judgment on Counts III and IV of Huertas's Amended Complaint.  In these counts, Huertas alleges that when Troup and Moskowitz declined to prosecute Officer Myers, they violated his right to be free from racial discrimination and interfered with his right of access to the courts.  Defendants make three arguments as to why they are entitled to summary judgment on these counts. First, Defendants argue that Huertas has no legal interest in securing the prosecution of another and, therefore, cannot bring a claim for the failure by Troup and Moskowitz to pursue prosecution.  Second, Defendants contend that Huertas's right of access to the

---

[1]  Huertas's Amended Complaint at Count V attempts to assert a private cause of action against Troup and Moskowitz for violations of the New Jersey Constitution, Article 1, and various provisions of the D.C. Code.  To the extent those allegations form part of his FTCA claim against the United States, the Court lacks jurisdiction to hear such a claim in light of Huertas's failure to comply with 28 U.S.C. § 2675(a).

11

courts has not been interfered with because his ability to seek redress in a civil lawsuit has not been affected in any way.  Finally, Defendants argue that the decision of Troup and Moskowitz not to prosecute is protected by absolute immunity.  Inasmuch as the Court finds merit in the first two arguments, there is no need to address the final one.[2]

### 1.  *Standing to Contest Failure to Prosecute*

Huertas does not have standing to challenge the decisions of Troup and Moskowitz.  The Supreme Court has consistently held "that a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution."  Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (citing Younger v. Harris, 401 U.S. 37, 42 (1971)); see also Bailey v. Patterson, 369 U.S. 31, 32-33 (1962).  Therefore, an individual cannot sue to contest a prosecutor's decision not to prosecute.  Community for Creative Non-Violence v. Pierce, 786 F.2d 1199, 1201-02 (D.C. Cir. 1986).  Courts lack the authority to review such a prosecutorial decision at the behest of a plaintiff because "'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'"  Id. at 1201 (quoting Linda R.S., 410 U.S. at 619).

Huertas is a private citizen who submitted a complaint to CRD, hoping that they would criminally prosecute Officer Myers under federal criminal civil rights statutes.

---

[2] As explained more fully in footnote 3, *infra*, the Court has its doubts whether absolute immunity applies to bar suit against Troup and Moskowitz.

When Troup declined to initiate prosecution, Huertas instituted this civil action, seeking to challenge that decision. Huertas does not have standing to bring such claims. Therefore, the Court will grant summary judgment on Counts III and IV of Huertas's Amended Complaint.

### 2. *Right to Access the Courts*

Huertas's claim that Troup and Moskowitz interfered with his right of access to the courts is without merit. The First Amendment grants the people the right "to petition the Government for a redress of grievances." U.S. CONST. amend. I. This right includes the right to have meaningful access to the courts. Peterkin v. Jeffes, 855 F.2d 1021, 1036 n.18 (3d Cir. 1988) (citing Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir.1981)); see also Lewis v. Casey, 518 U.S. 343, 351 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 823 (1977)). To demonstrate that this right has been violated, a plaintiff must show that there has been actual hindrance of his efforts to pursue litigation. Lewis, 518 U.S. at 351-352; Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997).

Huertas cannot show that Troup's decision not to pursue criminal prosecution interfered with his right to access the courts. As Troup advised him in their telephone conversation, Huertas still had the unrestricted ability to seek redress in the form of a civil lawsuit. Therefore, the decision not to prosecute Officer Myers did not affect Huertas's First Amendment right to access the courts.

13

Accordingly, Troup and Moskowitz are entitled to judgment on Counts III and IV of Huertas's Amended Complaint because (1) he does not have standing to challenge the decision not to prosecute Officer Myers and (2) the decision not to prosecute Officer Myers did not infringe Huertas's right to access the courts.

### D.  Count V–Violations of D.C. Code and New Jersey Constitution

Huertas seeks to attach liability to Troup and Moskowitz under the District of Columbia Code and the New Jersey Constitution for their failure to investigate his complaint.  In response, Defendants accurately point out that Troup and Moskowitz are statutorily immune from these claimed violations.

Under the FTCA, the remedy against the United States for claims against federal employees for actions taken within the scope of their employment is the only remedy available for individuals asserting state and common law based tort claims.  28 U.S.C. § 2679 (b)(1); see also Brumfield v. Sanders, 232 F.3d 376, 379 (3d Cir. 2000); Borawski v. Henderson, 265 F. Supp. 2d. 475, 481 (D.N.J. 2003).  Section 2679 immunizes federal employees from suits for tort claims by allowing the substitution of the United States as the defendant.  Brumfield, 232 F.3d at 379.  All other civil actions arising out of the same subject matter are precluded by the FTCA remedy even if the plaintiff cannot proceed with his claim against the United States.  United States v. Smith, 499 U.S. 160, 165 (1991).

Because Huertas's claims asserted under the D.C. Code and New Jersey Constitution are barred by section 2679(b)(1), Defendants are entitled to summary judgment on Count V.

E.  Count VI–Fifth Amendment Claim of Equal Protection Violation

Count VI of the Amended Complaint accuses Troup and Moskowitz of having a policy, in violation of the Fifth Amendment, of not investigating complaints submitted to CRD by Hispanic citizens.  Defendants contend that whether Huertas's allegations are true or not, the decision whether to investigate is protected by absolute immunity, and that Huertas fails to offer any facts in support of his allegations.  Because there is no evidence in the record of a racially discriminatory policy on the part of CRD, Troup, or Moskowitz, the Court will enter summary judgment in Defendants' favor on Count VI of Huertas's Amended Complaint.  The Court will not decide whether Defendants are absolutely immune from suit for their roles in the decision not to further investigate Huertas's complaint.[3]

---

[3]  Defendants insist they were not engaged in investigative acts, which are protected only by qualified, not absolute, immunity.  Giuffre v. Bissell, 31 F.3d 1241, 1251 (3d Cir. 1994) ("[A] prosecutor acting in an investigative or administrative capacity is protected only by qualified immunity.") (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)).  The Court is unmoved by the distinction that Defendants are trying to make on this point.  According to Troup's declaration, she, as a Criminal Section paralegal specialist, reviews citizen complaints to determine whether they merit further investigation.  (Troup Decl. at ¶ 2).  In that way, she is several steps removed from the decision to prosecute and is most nearly performing in an investigative capacity.  Because Defendants do not argue the merits of a qualified immunity defense, the Court will not address whether qualified immunity is a bar to suit in this case.

The undisputed facts show that his complaint was decided on its merits and nothing else.  (Troup Decl., ¶ 6.)  Troup determined that Huertas's complaint did not present a prosecutable violation of federal criminal civil rights statutes because it did not present evidence that would show, beyond a reasonable doubt, that Officer Myers deprived him of his constitutional rights under color of law.  (Troup Decl. at ¶ 4).  Huertas has presented no evidence that either Troup or Moskowitz was ever motivated by the race of Huertas or any other complainant in making investigative decisions.  Because there is no such evidence of discrimination on the part of Troup or Moskowitz, the Court will grant summary judgment on Count VI of Huertas's Amended Complaint.

F.  Count VII–FOIA Claim

Count VII of Huertas's Amended Complaint is brought pursuant to the FOIA, codified at 5 U.S.C. § 552, and seeks an order compelling Defendants to release the information that he requested, compensatory and punitive damages, and an award of attorneys fees.  When an agency improperly withholds information in response to a request, a court may "enjoin the agency from withholding agency records and [] order the production of any agency records improperly withheld from the complainant."  Id. at § 552 (a)(4)(B).  Therefore, the only proper party to an action for improperly withheld information would be the agency that denied the request, not the United States or an individual federal employee.  Thompson v. Walbran, 990 F.2d 403, 404 (8th Cir. 1993)

16

(agency employees are not proper parties to FOIA claim) (citing <u>Sherwood Van Lines v. United States Dep't of the Navy</u>, 732 F. Supp. 240, 241 (D.D.C. 1990)); <u>National Western Life Ins. Co. v. U.S.</u>, 512 F. Supp. 454, 463 (D.C. Tex. 1980) (dismissing United States as a party to FOIA claim because "it is clear that the United States is not a proper party."). Because the United States and the individual Defendants are the only named Defendants, they are entitled to summary judgment on Count VII of Huertas's claim.


            G.   <u>Huertas's Motion for Partial Judgment on the Pleadings</u>

Huertas has filed a motion for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  According to this rule, such a motion may be filed after the pleadings have closed.  The pleadings consist of the plaintiff's complaint and the defendant's answer, and are not closed until an answer is filed.  Fed. R. Civ. P. 7(a); <u>Poliquin v. Heckler</u>, 597 F. Supp. 1004, 1006 (D. Me. 1984); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed. 2004).  On a Rule 12(c) motion, the facts are to be viewed in the light most favorable to the nonmoving party; the facts asserted in the nonmoving party's pleadings will be accepted as true; and any contradictory statements in the movant's pleadings are deemed false. <u>Constitution Bank v. DiMarco</u>, 815 F. Supp. 154, 157 (E.D. Pa. 1993).  To prevail, the moving party must show that there are no genuine issues of fact and that he is entitled to judgment as a matter of law. <u>Mele v. Federal Reserve Bank of New York</u>, 359 F.3d 251,

253 (3d Cir. 2004) (citing <u>Leamer v. Fauver</u>, 288 F.3d 532, 535 (3d Cir. 2002)).

Judgment on the pleadings is appropriate only when "all material allegations of fact are

admitted or not controverted in the pleadings and only questions of law remain to be

decided by the district court."  5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER,

FEDERAL PRACTICE AND PROCEDURE § 1367.

Huertas's Rule 12(c) motion does not show that he is entitled to judgment

as a matter of law.  He argues that the denials submitted by Defendants in their Answer

should be ignored because they would force him to engage in strenuous discovery

procedures.  The Court will not ignore the denials of Defendants.  These denials were

sufficient to place all material facts in this case in dispute[4] and thus serve as a bar to

Huertas's motion for judgment on the pleadings.

H.  Huertas's Motion for Entry of Default

Huertas filed a motion for default judgment against the United States and

Albert Moskowitz alleging that they failed to respond to service of process in time.  The

Court will deny this motion.

The United States or its employees sued in their official capacities "shall

serve an answer . . . within 60 days after the United States attorney is served with the

---

[4] Of course, the Court's ruling on Defendants' motion for summary judgment is
tantamount to a ruling that there are no material facts in dispute.  The difference, of course, is
that summary judgment is based on the facts as they have been developed, or have failed to
develop, in the record, while judgment on the pleadings puts the focus on facts only as they are
alleged, without regard to the record.  <u>See Mele</u>, 359 F.3d at 253.

pleading asserting the claim." FED. R. CIV. P. 12 (a)(3)(A).  Employees sued in their

individual capacities for actions taken within the scope of their employment, "shall serve

an answer . . . within 60 days after service on the employee, or service on the United

States attorney, whichever is later." FED. R. CIV. P. 12 (a)(3)(B).  For amended

complaints, defendants must respond "within the time remaining for response to the

original [complaint] or within 10 days after service of the amended [complaint],

whichever period may be the longer, unless the court otherwise orders." FED. R. CIV. P.

15 (a).  Nevertheless, the response may be considered even if it is late, so long as the

opposing party is not prejudiced by a minor delay in filing a response. Coughlin v.

Tailhook Ass'n, Inc., 818 F. Supp. 1366, 1368 (D.Nev. 1993).  Furthermore, before

default may be entered against the United States or one of its employees, a plaintiff must

establish his right to relief with actual evidence. FED. R. CIV. P. 55(e); Amos v. Palmetto

Government Benefit Adm'r, 122 Fed. Appx. 105, 109 (5th Cir. 2005) (unpublished

opinion) (denying motion for default judgment based solely on defendants' untimely

response because, among other reasons, "the district court could not enter default

judgment against them because Fed. R. Civ. P. 55(e) prohibits default judgment against

the government and employees and agencies thereof.").

        In the present case, the United States was served with the Complaint on

October 21, 2004, making an answer due by December 20, 2004.  The United States

Attorney was served with the Complaint for Troup and Moskowitz on October 21, 2004,

as well.  On November 15, 2004, Huertas filed an Amended Complaint.  Pursuant to Rule

15(a), Defendants still had until December 20, 2004 to file a response to the Amended

Complaint.  Defendants did not file an answer within that time period.  However, on

December 21, 2004, the United States requested and was granted until January 11, 2005

to file an answer to the Amended Complaint.  On December, 28, 2004, Troup and

Moskowitz requested and were granted until January 18, 2005 to file an answer.  All

Defendants filed an answer to the Amended Complaint on January 11, 2005.

Huertas has not demonstrated his right to entry of default judgment.  First,

he has not shown that he was prejudiced in any way by the late answers of Defendants.

On the contrary, Defendants gained extensions to answer within days of the deadlines for

doing so, and have otherwise proceeded with expediency in this litigation.  Second,

Huertas has not demonstrated, pursuant to Rule 55(e), that the evidence establishes his

right to recover against the United States and its employees.  His motion for default does

not address the merits of his case at all.  For these reasons, the Court will deny Huertas's

motion for default judgment.

## IV.  CONCLUSION

For the reasons stated above, the Court will grant Defendants' motion for summary

judgment and will deny Huertas's motions for judgment on the pleadings and for a default

judgment.

|                          | s/Robert B. Kugler          |
| Dated: 7-21-05           | ROBERT B. KUGLER            |
|                          | United States District Judge |